IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATINA VON NEWMAN KING,

        Plaintiff,

v.                                                              CIVIL ACTION NO. 3:25-0005

HUNTINGTON POLICE DEPARTMENT;
THE CITY OF HUNTINGTON including
MAYOR;
MARSHALL UNIV. POLICE DEPARTMENT;
MARSHALL UNIVERSITY including
MU PRESIDENT,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommended this Court dismiss the complaint, deny the pending motions as moot, and deny the application to proceed without prepayment of fees and costs. *Proposed Findings and Recommendations (PF&R)*, ECF No. 12. Plaintiff Katina Von Newman King timely filed her objections. *Pl.'s Obj. to PF&R*, ECF No. 13.

The Court has undertaken a thorough review of the Objections and PF&R, as well as pertinent material found elsewhere in the record. For the reasons set forth below, the Court **DENIES** Plaintiff's Objections (ECF No. 13) and **ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 12). The Court further **DENIES** the application to proceed without prepayment of fees and costs, (ECF No. 1), **DISMISSES** the complaint (ECF No. 2), **DENIES**

the pending motions as moot (ECF Nos. 3, 4, 6, 7, 9, 10), and **REMOVES** this matter from the docket of the Court.

As the Magistrate Judge notes, Plaintiff brings breach of contract, harassment, and stalking claims against Defendants. *PF&R* at 6. This Court has addressed Plaintiff's claims before. *King v. City of Huntington, WV*, No. CV 3:23-0216, 2023 WL 5320776 (S.D. W. Va. Aug. 18, 2023) (*King I*); *Von King v. Williams*, No. CV 3:23-0809, 2024 WL 349723 (S.D. W. Va. Jan. 30, 2024) (*King II*).

Plaintiff appears to agree with the Magistrate Judge's history of this case, *Pl.'s Obj. to PF&R* at 1, so the Court will only briefly summarize the history here. The origins of Plaintiff's current suit date back to 2016, when Plaintiff was arrested and allegedly fondled by Bradley Koeppen, an officer with the Huntington Police Department. *PF&R* at 2. Plaintiff then sued some of the defendants in the present suit and received $115,000 as part of a Mediation Agreement. *Id.* at 3. As part of the Mediation Agreement, the defendants agreed not to stalk or harass Plaintiff or her family. *Id.*

In *King I*, Plaintiff brought claims for breach of contract of the Mediation Agreement and a species of harassment/stalking claim. *Id.* at 4. The Magistrate Judge in *King I*, recommended this Court dismiss the claims for lack of jurisdiction. *Id.* The Magistrate Judge also discussed that Plaintiff failed to substantiate her allegations with facts supporting a cognizable claim. *Id.* at 5. This Court adopted the Magistrate Judge's findings. *Id.* Shortly after the last filing in *King I*, Plaintiff filed *King II*, which alleged essentially the same claims. *Id.* The Magistrate Judge in *King II* found these claims were barred by *res judicata*. *Id.* at 6. This Court again adopted the Magistrate Judge's findings. *Id.*

On January 3, 2025, Plaintiff filed the present complaint. *Compl.*, ECF No. 2. Plaintiff again alleges breach of contract, stalking, and harassment claims. *Id.* The Magistrate Judge recommended this complaint be dismissed for the same reasons the Court dismissed the complaints in *King I* and *King II*, namely for lack of subject matter jurisdiction and for failure to state a claim. *PF&R* at 8–10.

Plaintiff, acting *pro se*, objects to the Magistrate Judge's Propose Recommendations and Findings. Courts should liberally construe filings when a party is proceeding *pro se*. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21, (1972). A court is not "expected to construct full blown claims from sentence fragments, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), but should not "permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Canty v. City of Richmond, Va., Police Dept.*, 383 F.Supp. at 1399-1400).

Courts possess the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge, but courts must conduct a *de novo* review of the portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). Courts need not conduct a review of factual and legal conclusions to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor are courts tasked with conducting *de novo* review of "general and conclusory" objections—rather, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus

renders the initial referral to the magistrate judge useless"). With this framework in mind, the Court considers Plaintiff's pending objections.

Generously construing the Plaintiff's Objections to the PF&R, the Court notes three possible specific objections and one general objection. Plaintiff contends that the courts have ignored and obstructed Plaintiff's motions, that this Court has subject matter jurisdiction, and that Defendants are not immune from liability for their actions under color of law. *Pl.'s Obj. to PF&R* at 2. Plaintiff also seems to generally object to the Discussion Section of the PF&R and complains that she must keep rehashing the same arguments. *Id.*

Plaintiff's first objection is that the courts, which presumably includes this Court, have ignored and obstructed her motions. Plaintiff appears to raise this objection specifically in relation to this Court's decision in *King I*.[1] *See id.* However, in *King I*, the Magistrate Judge provided a thorough explanation for how he reached his proposed recommendations and findings. *See Proposed Recommendations and Findings*, *King I*, No. CV 3:23-0216, ECF No. 12. This Court then reviewed Plaintiff's objections to the Magistrate Judge's proposed findings and recommendations and explained this Court's rationale for adopting them. *See King I*. While the outcomes were not what Plaintiff desired, neither this Court nor the Magistrate Judge ignored Plaintiff's motions.

Plaintiff's next objection is that this Court, contrary to the Magistrate Judge's findings, has jurisdiction. Specifically, Plaintiff argues that this Court has jurisdiction under 18 U.S.C. § 2265.

---

[1] Plaintiff also mentions the motions she filed on January 3, 2025, and January 27, 2025, as possibly being ignored. However, the Magistrate Judge did address these motions and recommended that they be denied as moot, since the Magistrate Judge recommended dismissing the complaint and denying the application to proceed without prepayment of fees and costs. *PF&R* at 2, 10.

*Pl.'s Obj. to PF&R* at 2.[2] However, 18 U.S.C. § 2265, the statutory codification of the Full Faith and Credit Clause, does not give rise to a federal private cause of action. *Banks v. Trumbore*, No. 1:24-CV-1772, 2025 WL 354512, at *2 (E.D. Va. Jan. 30, 2025); *see Thompson v. Thompson*, 484 U.S. 174, 182 (1988) ("the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action"); *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 94 (1981).

Plaintiff's final specific objection is that Defendants are not immune for their actions performed under color of law. However, the Magistrate Judge did not reach the issue of immunity. Instead, the Magistrate Judge held that Plaintiff's claims should be dismissed because this Court lacks jurisdiction and Plaintiff's complaint failed to state a claim. *PF&R* at 8–10. Since Plaintiff has not raised any objections that demonstrate that this Court has jurisdiction or that Plaintiff has stated a cognizable claim, this Court will also not address the immunity issue, as such a question has no bearing on the outcome of this case.

Plaintiff also seems to generally dispute the Magistrate Judge's findings in the Discussion Section of the PF&R. *Pl.'s Obj. to PF&R* at 2. Plaintiff argues that she "has to keep rehashing the same unaddressed claims and request[s]." *Id.* However, Plaintiff's acknowledgment that the present claims are the same as her past claims lends further credibility to the Magistrate Judge's findings. The Magistrate Judge found Plaintiff's claims were essentially the same as Plaintiff's past claims and recommended dismissing these claims for reasons similar to past dismissals. *See PF&R* at 8–10. The Court agrees.

---

[2]  As part of the jurisdictional argument, Plaintiff additionally argues that "Tort Stalking – section 3294 entitles the Plaintiff to General, Special, Punitive, and Exemplary Damages in Temporary Injunctions and Equitable Remedy." *Pl.'s Obj. to PF&R* at 2 (emphasis removed). The Court cannot locate the section or statute Plaintiff references, and even if the Court could, there is no indication that the section or statute would confer subject matter jurisdiction on this Court.

Accordingly, the Court **DENIES** Plaintiff's Objections (ECF No. 13) and **ADOPTS AND INCORPORATES HEREIN** the PF&R (ECF No. 12). The Court **DENIES** the application to proceed without prepayment of fees and costs, (ECF No. 1), **DISMISSES** the complaint (ECF No. 2), **DENIES** the pending motions as moot (ECF Nos. 3, 4, 6, 7, 9, 10), and **REMOVES** this matter from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Magistrate Judge Reeder, counsel of record, and any unrepresented parties.

ENTER:	July 28, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE